# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR COELLO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3221 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER
## ON EXPERT PEREZ'S TESTIMONY

Defendants the City of Houston and C.O. Bradford have filed in this civil rights case a Motion to Strike Reports of Plaintiffs' Expert Francisco Perez [*Coello* Doc. # 42] ("Defendants' Motion to Strike").[1] Plaintiffs have responded to Defendants' Motion [*Coello* Doc. # 45] and the Motion is ripe for decision. The Court has considered carefully the

---

[1] Defendants move to strike the "Reports" of Dr. Perez, but the only document authored by Dr. Perez that has been submitted to the Court is an affidavit dated January 24, 2005, submitted in compliance with Plaintiffs' Designation of Experts [*Coello* Doc. # 34], and resubmitted as Exhibit E to Plaintiffs' Response to Defendants' Motion for Summary Judgment [*Coello* Doc. # 36] ("Affidavit of Francisco Perez"). In their Motion to Strike, Defendants state that Dr. Perez "offers five reports: one each for Monica Ashford, Isabella Guillem, Elizabeth Gurske; Jessica Guillem; Edgar Coello." *See* Defendants' Motion, at 1. Plaintiffs in their Response to Defendants' Motion refer to "Reports that Plaintiffs filed as to each of the five (5) Plaintiffs." *See* Response, at 1. It is unclear whether Dr. Perez has issued five reports, one on each Plaintiff, and Plaintiffs failed to submit them to the Court; or whether the parties are referring only to various *opinions* in the Affidavit of Francisco Perez; or whether Defendants are inadvertently objecting to the *Plaintiffs'* affidavits submitted in conjunction with the Affidavit of Francisco Perez, *see* Exhibits A through D to Plaintiffs' Response to Defendants' Motion for Summary Judgment. This Memorandum and Order addresses only the Affidavit of Dr. Francisco Perez.

parties' briefing, the applicable authorities, and all matters of record. The Court concludes that Defendants' Motion to Strike should be denied in substantial part without prejudice at this time.

Defendants base their Motion to Strike solely on Rule 56 of the Federal Rules of Civil Procedure, the rule governing motions for summary judgment. Defendants appear to complain that Dr. Perez's opinions are relevant only to Plaintiffs' claims of excessive force or custodial abuse. Defendants then argue that the medical diagnosis of post-traumatic stress syndrome ("PTSD") allegedly caused by the events in issue is an opinion to which Dr. Perez, a psychologist, is not competent to testify.[2] The Court is unpersuaded by these arguments.

To the extent that Defendants complain of Plaintiffs' use of Perez's opinions at trial, procedurally, Defendants are off the mark. Rule 56 is inapplicable to a motion to strike an expert report that has not been offered in evidence in connection with a summary judgment motion.[3] The Court did not rely on Perez's opinions in its Memorandum and Order issued July 25, 2005 deciding Defendants' summary judgment motion. Indeed, Plaintiffs' claims of excessive force and custodial abuse were dismissed from this case on grounds unrelated

---

[2] Defendants also contest the Affidavit of Francisco Perez on the ground that it is unsworn and is hearsay. Although reports submitted in connection with the summary judgment analysis need not have been sworn, the Affidavit of Francisco Perez is sworn and notarized. Nor is the affidavit hearsay, as it is not being offered for the truth of the events given in the patients' (Plaintiffs') histories on which Dr. Perez relied for his opinions.

[3] The Court denies as moot Defendants' suggestion that the Perez affidavit submitted in connection with Plaintiffs' summary judgment response should be stricken. *See* Affidavit of Francisco Perez, Exhibit E to Plaintiffs' Response to Defendants' Motion for Summary Judgment.

to Dr. Perez's opinions.[4] Thus, to the extent Defendants rely on Rule 56 or contend the affidavit relates solely to the excessive force or custodial abuse claims, the Motion to Strike is denied.

Plaintiffs have the burden to demonstrate that the expert has expertise and specialized knowledge about on the subjects on which he opines. Plaintiffs also must show that the expert's opinions are admissible as "relevant" and "reliable." Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702.[5] The trial judge accordingly must determine as an initial matter whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57 (1999). In other words, the Court must assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho Tire Co.*, 526 U.S. at 156); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

---

[4] *See Coello* July 25, 2005 Memorandum and Order, at 6 (relying on July 25, 2005 Memorandum and Order issued in *Lopez, et al. v. City of Houston, et al.,* at 65-66 (exhibit to *Coello* Memorandum and Order)).

[5] Rule 702 of the Federal Rules of Evidence, as effective since December 1, 2000 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

579, 589 (1993).

The district judge must pre-screen each of the expert witness's proffered opinions to ensure that it complies with other requirements of Rule 702 of the Federal Rules of Evidence. *See Daubert,* 509 U.S. at 592-93. Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at 147; *Daubert*, 509 U.S. at 589; *Pipitone v. Biomatrix*, 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the testimony must be reliable and relevant. *Pipitone*, 288 F.3d at 244-45; *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner*, 174 F.3d at 546. Reliability need not be certain, but must be demonstrated by evidence that knowledge is more than speculation. *Daubert*, 509 U.S. at 590.

The Court must consider (1) the validity of the scientific principles used; (2) the accuracy of the data relied upon by the expert; and (3) the correctness of the application of the scientific principles to the relevant data. *See Watkins*, 121 F.3d at 989; *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). *Daubert* established four factors to be considered in determining the reliability of proffered scientific evidence: (1) whether the theory or procedure has been subjected to testing; (2) whether it has been subjected to peer review and publication; (3) the rate of error and the existence of standards controlling the theory or procedure; and (4) whether it has attained general acceptance. *Watkins*, 121 F.3d at 989;

*Pipitone*, 288 F.3d at 244.  In resolving the admissibility and reliability of such testimony, the court must apply a "flexible" approach. *Id.* Generally, the court should "decide whether the factors mentioned in *Daubert* are appropriate, and then ascertain if other factors should be considered.  *Black v. Food Lion*, 171 F.3d 308, 311-12 (5th Cir. 1999).

The purpose of the gate-keeping function of the court is to make sure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" regardless of whether his testimony rests on personal experience or specialized studies.  *Id.* at 152.  The Court "must ensure [that] the expert uses reliable methods to reach his opinions; and [that] those opinions [are] relevant to the facts of the case."  *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).  The Supreme Court has reiterated that the expert's self-proclaimed accuracy is insufficient: "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co.,* 526 U.S. at 157 (citing *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).

The Court has latitude in the method it chooses to decide whether an expert's testimony is reliable.  *Id.* at 152.  "Thus, whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine."  *Id.* at 153.

Defendants primarily argue that Dr. Perez is not qualified to render a diagnosis or

causation opinion on PTSD. These arguments lack support in the record. It is noted that Dr. Perez renders very limited opinions. He states that "Plaintiffs experienced psychological trauma because of the events [to which] they were exposed." Affidavit of Francisco Perez, at 4. Dr. Perez also concludes that Plaintiff Edgar Coello's "condition exhibits the characteristics and features of Post Traumatic Stress Syndrome [PTSD] and an aggravation of a pre-existing condition for which treatment is recommended and warranted." *Id*.[6] Defendants argue that because he is not a medical doctor, Dr. Perez is not qualified to give what Defendants characterize as a medical opinion concerning PTSD, or to give a causation opinion that the condition was due to the events in issue in this litigation. *See* Defendants' Motion, at 1-2 (citing *Gutierrez v. Excel Corp.*, 106 F.3d 683, 689 (5th Cir. 1997); Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV")).[7]

The Court finds that Dr. Perez has ample qualifications to diagnose the conditions described in the DSM-IV. A psychologist holding a doctorate in the fields of Psychology and Neuropsychology, with approximately 30 years of clinical psychology experience, who teaches as a member of the faculties at the Baylor College of Medicine and the Department of Educational Psychology at the University of Houston, and who has clinical and professional appointments at prestigious hospitals in Houston and the surrounding

---

[6] He opines also that Plaintiffs Elizabeth Ann Gurske, Monica Coello Ashford, Jessica Coello Guillem and Isabella Guillem "exhibit varying degrees of adjustment issues for which treatment is recommended and warranted." Defendants do not challenge these opinions.

[7] Defendants provide absolutely no argument concerning these matters, nor do they explain what in the DSM-IV is relevant or supports their contentions.

metropolitan areas is qualified to diagnose characteristics of PTSD, a well-recognized psychological condition, and to give an opinion on the causes of the condition.[8] Defendants' citation to the DSM-IV is unavailing. The Court can identify nothing in that document that supports Defendants' contention. Defendants cite no legal authority that undermines this Court's finding that a well-qualified psychologist is competent to diagnose and opine on the likely cause of PTSD, and the Court's independent research could locate no such authority.

Defendants' citation to *Gutierrez v. Excel Corp.* also is unpersuasive. Defendants complain that Dr. Perez is not a physician and thus is "not competent to offer medical causation evidence."[9] First, the PTSD diagnosis is not a "medical" diagnosis; it has significant mental and emotional components which are the realm of a psychologist's expertise. Second, *Gutierrez* merely discusses generally the standard of proof of causation in a case involving physical injuries.[10] *Gutierrez* does not address what specialists may give opinions on conditions recognized in the DSM-IV.[11]

The Court recognizes that causation opinions for forensic purposes sometimes are

---

[8]  Defendants do not challenge Dr. Perez's methodology in reaching his opinions.

[9]  Defendants' Motion to Strike, at 1.

[10]  "An expert [medical] opinion 'must rest in reasonable medical probability' to constitute evidence of causation, and '[t]his rule applies whether the opinion is expressed in testimony or in a medical record.'" *Gutierrez*, 106 F.3d at 689 (citing *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995)). "Reasonable probability is determined by the substance and context of the medical opinion, and it does not turn on the use of a particular term or phrase." *Id.*

[11]  Interestingly, the *Gutierrez* court recognized that there are certain circumstances when causation is so clear that no expert testimony is required. *See Gutierrez*, 106 F.3d at 689.

outside the ordinary realm of physicians, psychologists, and other specialists. The inquiry must be particularized to the case and the opinion in issue. The Court concludes that Plaintiffs have demonstrated that Dr. Perez has ample competence to diagnose and to opine on the cause of PTSD-like symptoms in this case as to Mr. Coello.[12] As reflected in the DSM-IV excerpts submitted by Defendants, the diagnosis of PTSD requires the occurrence of an event that is traumatic to the patient. Dr. Perez states that he interviewed Edgar Coello, as well as others in the family, that he reviewed other case-related materials that describe the events, and that Plaintiffs "experienced psychological trauma because of events [to which] they were exposed." He bases his opinion on "reasonable professional certainty." He uses the standard set forth in *Gutierrez*, adapted to the psychology arena. Defendants have failed to articulate (other than the rejected argument that Dr. Perez is not a physician) a persuasive reason why Dr. Perez lacks the qualifications to opine on the cause of Plaintiff Edgar Coello's PTSD-like symptoms. The Court perceives nothing in the DSM-IV excerpts in the record to support Defendants' general argument. To the extent Defendants simply disagree with Dr. Perez's conclusions concerning PTSD-like symptoms, the objection is overruled. Defendants may cross-examine Dr. Perez at trial concerning these matters.

The Court has one concern, however, about Dr. Perez's conclusions. He opines that Edgar Coello exhibits "an aggravation of a pre-existing condition for which treatment is

---

[12] Notably, Dr. Perez did not state that Edgar Coello suffers from PTSD *per se*; rather Dr. Perez opined that Mr. Coello "exhibited the characteristics and features" of PTSD, which appears to be a diagnosis of a condition of less severity than the full-fledged PTSD.

recommended and warranted." Affidavit of Francisco Perez, at 4. Dr. Perez does not explain if he intends to refer to a mental condition or a physical one. Plaintiffs have established that Dr. Perez is qualified to give diagnoses of psychological conditions and to opine on the causation of such conditions, but Plaintiffs have not made any such showing of Dr. Perez's competence to opine about physical ailments. To the extent Dr. Perez intends to refer to depression, a condition that Edgar Coello describes in his affidavit,[13] Dr. Perez must set forth greater detail describing and supporting his opinions. The record is currently inadequate to allow the Court to make a definitive determination on the admissibility of this opinion. Before Dr. Perez will be permitted to testify on this matter, the Court will hold a hearing outside the presence of the jury to examine the reliability and relevance of the opinion. *See* FED. R. CIV. P. 104.

It is therefore

**ORDERED** that Defendants' Motion to Strike Reports of Plaintiffs' Expert Francisco Perez [*Coello* Doc. # 42] is **DENIED in substantial part, but GRANTED in limited part.** The admissibility of Dr. Francisco Perez's opinion that Edgar Coello suffers from an aggravation of a pre-existing condition cannot be determined without a hearing under Rule 104 of the Federal Rules of Civil Procedure prior to Dr. Perez's testimony being offered at trial.

---

[13] *See* Affidavit of Edgar Coello, Exhibit A to Plaintiffs' Response to Defendants' Motion for Summary Judgment, at 2**.**

SIGNED this **3rd** day of **August, 2005.**

                                                    Nancy F. Atlas
                                          United States District Judge